```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

PIERRE NASSIF, HENRY F. FURMAN )
AS NEXT FRIEND OF PIERRE NASSIF),
          Petitioner,          )
                               )    C.A. No. 04-11278-REK
       v.                      )
                               )
UNITED STATES DEPARTMENT OF    )
HOMELAND SECURITY, BUREAU OF   )
IMMIGRATION AND CUSTOM         )
ENFORCEMENT, DETENTION AND     )
REMOVAL OPERATIONS, NEW        )
ENGLAND FIELD DIVISION,        )
          Respondent.          )
```

## MEMORANDUM AND ORDER

On June 10, 2004, attorney Henry Furman filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on behalf of, and as next friend of, Pierre Nassif. For the reasons stated below, the habeas petition is dismissed without prejudice.

## FACTS

On June 10, 2004, attorney Henry Furman paid the $5.00 filing fee and filed a Section 2241 habeas petition on behalf of Mr. Pierre Nassif, an immigration detainee alleged to be detained at the Plymouth County Correctional Facility. See Petition.  The case caption of the petition identifies the petitioner as Pierre Nassif, Henry F. Furman as next friend of Pierre Nassif. See Petition. The Petition is signed by attorney Furman in his capacity as attorney for Petitioner.

Id.  The petition alleges, among other things, that petitioner is being indefinitely detained by the Department of Homeland Security in violation of Zadvydas v. Davis, 533 U .S. 678 (2001) (placing burden on government after alien has been confined for six months to rebut showing that there is no significant likelihood of removal).

REVIEW

Although this petition was brought pursuant to Section 2241 and not Section 2254, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions.  See Rule 1(b) of the Rules Governing Section 2254 proceedings; Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4(b) of the Rules Governing Section 2254 proceedings, the Court is required to examine a petition, and if it "plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal

law.  Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).

## DISCUSSION

Under Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, a petition must be signed under the penalty of perjury by the petitioner.  Rule 2(c).  Here, Mr. Nassif did not sign the habeas petition.  It was signed by attorney Furman in his capacity as counsel for petitioner.

To the extent attorney Furman attempts to bring this habeas petition as Mr. Nassif's "next friend," he may not proceed as a "next friend."  "Next friends" appear in court on behalf of detained prisoners who are unable to seek relief themselves.  See Whitmore v. Arkansas, 495 U.S. 149, 155 (1990); Padilla ex rel. Newman v. Bush, 233 F. Supp. 2d 564, 576-579 (S.D.N.Y. 2002), opinion adhered to on reconsideration, 243 F. Supp. 2d 42 (S.D.N.Y. 2003); see also 28 U.S.C. § 2242 (petition may be brought "by the person for whose relief it is intended or by someone acting in his behalf.").

To bring a "next friend" petition, "the filing party must show both that she is proceeding in the prisoner's behalf and that there is a valid reason why she is better situated than the prisoner to pursue the writ."  Figueroa v. Rivera, 147 F.3d 77, 82 (1st Cir. 1998) (citing Whitmore v. Arkansas, 495 U.S. 149, 163-64, 110 S. Ct. 1717, 109 L.E. 2d 135 (1990)).

Here, attorney Furman has failed to establish why Mr. Nassif cannot appear on his own behalf.  Moreover, he has not alleged any "significant relationship" with Mr. Nassif.  See Hamdi v. Rumsfeld, 294 F.3d 598, 604-605 (4th Cir. 2002) (public defender did not have "significant relationship" with enemy combatant); Minerva v. Singletary, 4 F.3d 938, 939 (11th Cir. 1993) (parties seeking to enjoin the scheduled execution of another lacked standing to proceed as "next friend").

The failure of attorney Furman to make adequate allegations of "next friend" standing requires the Court to dismiss this action for lack of jurisdiction.

## ORDER

ACCORDINGLY, the habeas petition is dismissed without prejudice to the filing of a new petition that remedies the deficiencies noted above.

SO ORDERED.

Dated at Boston, Massachusetts, this 10th day of June 2004.

                                 /s/ Robert E. Keeton
                                 ROBERT E. KEETON
                                 SENIOR UNITED STATES DISTRICT JUDGE